Reese, J.
delivered the opinion of the court.
The plaintiff was mortgagee of certain articles of personal property; the defendant was clerk of a county court, before whom the acknowledgment of the deed of mortgage by A. S. Deakins, the mortgagor, is alledged to have been made; and it insisted that the defendant as clerk, omitted, in his certificate of acknowledgment endorsed on the deed, to state as required by the act of' 1831, that he was personally acquainted with the mortgagor, as in fact he was; in consequence of which omission the plaintiff in a controversy with respect to the mortgaged property, was subjected to the loss of his lien thereon. This action on the case is brought to recover damages for such omission of official 'duty. On the trial, Deakins the mortgagor made an affidavit, that the original deed of mortgage had been surrendered to him by the plaintiff, the mortgagee, and that he had destroyed it, but he did not verify and prove any copy of said original deed, or of the clerk’s certificate of acknowledgment endorsed thereon, nor was such copy of either proved on oath, either by the register, or by any one else; but a paper purporting to be a copy of the deed of mortgage, and of the clerk’s certificate thereon was produced, certified by the register as registered in his office, which, when offered as evidence in the case, was rejected by the circuit judge; and the question here is, whether in that respect he erred; and we are clearly of opinion that he did not. The affidavit of Deakins was sufficient to let in secondary proof; but then the copy of the deed and of the certificate must have been proved to have been correct. This would have been done by Deakins, by the register or by any one who knew the clerk’s hand writing, and had seen the endorsement of the clerk, but in a collateral question like this, the certificate of the register was no evidence to verify a copy. The very gist of the question in this case was, whether the official certificate of the clerk was conformable to law, and what that certificate was, will be shown only by the original writing, or if that were lost or destroyed, by a sworn copy of it. In a controversy about the mortgaged property, the register’s certificate may verify the deed and the probate, and this because of *84 the operation of positive statutory provisions. But it cannot do so in such a case as this. The very injury of which the plaintiff complains may have resulted from an incorrect registration of a correct official certificate by the clerk. The point in controversy is not how the instrument is registered, but whether the clerk did his duty. Let the judgment of the circuit court be affirmed.